UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE V. RAY,

    Plaintiff,

        v.

TOWNSHIP OF WARREN, *et al.*

    Defendants.

Civil Action No. 07-2812 (JAP)

**OPINION**

Plaintiff, Lawrence Ray, brings this action seeking damages under 42 U.S.C. § 1983 and state law alleging that several officers of the Warren Township Police Department as well as a Warren Township municipal court judge engaged in an unlawful search of Plaintiff's residence. Presently before the Court is a motion by defendant, Richard M. Sasso ("Judge Sasso" or "Defendant"), to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that the alleged actions of Judge Sasso were "judicial acts" subject to judicial immunity, Defendant's motion to dismiss is granted and this matter is dismissed as to Judge Sasso.

I.  Factual Background[1]

At all times relevant to this dispute, Plaintiff was in the midst of a contentious divorce

---

[1] In address addressing a motion to dismiss, the Court must accept as true the allegations contained in the complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited below are taken from Plaintiff's amended complaint unless otherwise indicated, and do not represent this Court's factual findings.

with his then-wife, Mrs. Ray. Compl.[2] at ¶ 23.  On June 17, 2005, Mrs. Ray called the police department regarding the enforcement of a visitation order. *Id.* at ¶ 24.  Plaintiff alleges that shortly after receiving this phone call, defendant Lieutenant Russell Leffert of the Warren Township Police Department conspired with Judge Sasso, the presiding judge of the Warren Township Municipal Court, to obtain an "oral warrant" to search Plaintiff's home, even though Judge Sasso allegedly knew he did not have authority to issue an "oral warrant." *Id.* at ¶ 25.  Thereafter, Lieutenant Leffert and other police officers went to Plaintiff's residence "knowingly and intentionally trespassed on the property . . . because they knew or should have known that the 'oral warrant' issued by Judge Sasso was illegal and without any authority." *Id.* at ¶ 27.  Plaintiff asserts that several officers entered his residence and spent about 20 minutes searching through the home. *Id.* at ¶ 30, 32.

According to Plaintiff, the day after the search of Plainitff's residence, Judge Sasso contacted Leffert and instructed Leffert to destroy the original police report regarding the search of Plaintiff's home. *Id.* at ¶ 34.  Plaintiff alleges that Judge Sasso instructed Leffert to create a new report that omitted any reference to an "oral warrant." *Id.* at ¶ 35.  Thereafter, a new police report was prepared that did not contain any reference to Sasso. *Id.*

Plaintiff's complaint contains five counts against Judge Sasso and the other defendants.  The first is brought under § 1983 and alleges that the defendants' actions violated Plaintiff's fourth amendment right against unlawful search and seizure.  The second count alleges a "violation of the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 *et seq.*"  The remaining counts are for invasion of privacy, trespass, and intentional infliction of emotional distress.  Plaintiff seeks

---

[2]"Compl." refers to the Amended Complaint filed on July 12, 2007.

compensatory and punitive damages.  These claims are brought against Judge Sasso in his official capacity.

II.  Analysis

A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).  The Twombly Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1964-65 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...." *Twombly*, 127 S.Ct. at 1965. (internal citations and footnote omitted).

B.  Judicial Immunity

Defendant argues that Plaintiff's claims against him are barred by the doctrine of absolute

judicial immunity.  Generally, a judicial officer in the performance of his duties has absolute immunity from suit.  *Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 116 L. Ed.2d 9 (1991).  Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  The Third Circuit has held that judicial immunity extends to municipal court judges.  *Figueroa v. Blackburn*,  208 F.3d 435, 438 (3d Cir. 2000).

All of Plaintiff's claims in this case center on the search of Plaintiff's home by police officers.  As alleged in the complaint, Judge Sasso provided authorization for this search in the form of an "oral warrant," which, according to Plaintiff, was improper.  Compl. at ¶ 26.  Defendant does not dispute that Judge Sasso may not have had authority to issue a search warrant orally.  However, even if Judge Sasso lacked such authority, the Court finds Plaintiff's claims against the judge to be barred by the doctrine of judicial immunity.

There are only two circumstances where a judge's immunity from civil liability may be overcome.  These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity.  The first exception is where a judge engages in "nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity."  *Id.*  The second exception involves actions that, though judicial in nature, are taken "in the complete absence of all jurisdiction."  *Id.*  Plaintiff argues that these exceptions apply in the present case.

Looking first to the "nonjudicial act" exception to judicial immunity, the Supreme Court has noted that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."

4

*Stump*, 435 U.S. at 362.  Notably, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'"  *Mireles*, 502 U.S. at 13.  Applying these factors to the present case, the Court first notes that it is undeniable that the issuance of a search warrant is a "function normally performed by a judge."  Further, in light of this traditional judicial function, the police officer who sought and received the authorization to conduct the search "dealt with the judge in his judicial capacity."  Thus, the Court finds that the issuance of the search warrant by Judge Sasso was a judicial act.

The Court similarly finds the second exception to judicial immunity to be inapplicable in this case.  The issuance of the warrant, despite being an "oral warrant," was not done "in the complete absence of all jurisdiction."  New Jersey Court Rule 3:5-1 states that "[a] search warrant may be issued by a judge of a court having jurisdiction in the municipality where the property sought is located."  *See* also R. 7:5-1 (governing the issuance of search warrants by municipal judges).  Consequently, Judge Sasso was vested with authority to issue a search warrant for property located in the Township of Warren, the place of Plaintiff's residence.  Even if Judge Sasso exceeded this authority by issuing the warrant orally, and even if the judge exceeded this authority -- as is alleged by Plaintiff -- because the underlying dispute between Plaintiff and Mrs. Ray was civil and not criminal in nature, judicial immunity still applies here.  Immunity is not lost when a judge acts in excess of his or her authority, but only when a judge acts "in complete absence of all jurisdiction."  *Stump*, 435 U.S. at 356-57.

Finally, Plaintiff attempts to salvage this action against Judge Sasso by pointing to the allegations in the amended complaint that Judge Sasso engaged in a "cover up" by ordering the destruction of a police report that referred to the judge's "oral warrant."  According to Plaintiff,

5

such an act is not a "judicial act" and, therefore, is not subject to judicial immunity. However, even if Plaintiff is correct, the amended complaint as to Judge Sasso fails. None of the claims in the amended complaint are based upon this allegation. As such, the amended complaint is dismissed as to Judge Sasso.

### III.  Conclusion

For the reasons above, Defendant's motion to dismiss the amended complaint is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge