UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
LAWRENCE V. RAY,                          :
                                          :
                                          :
        Plaintiff,                        :          Civil Action No. 07-2812 (JAP)
                                          :
              v.                          :          **OPINION**
                                          :
TOWNSHIP OF WARREN, *et al.*              :
                                          :
                                          :
        Defendants.                       :
_____:

     This is an action by plaintiff, Lawrence Ray ("Ray" or "Plaintiff"), seeking damages

under 42 U.S.C. § 1983 and state law alleging that several officers of the Warren Township

Police Department as well as a Warren Township municipal court judge engaged in an

unlawful search of Plaintiff's residence.  By Opinion and Order dated January 10, 2008, this

Court granted a motion by defendant, Richard M. Sasso ("Sasso" or "Defendant"), to dismiss

Plaintiff's amended complaint against him on the basis of judicial immunity.  Presently before

the Court is a motion for reconsideration of the Court's Order granting the motion to dismiss

and, because the motion has been filed more than 10 days after entry of the Order, Plaintiff

ask the Court to enlarge its time for filing the motion.  Plaintiff has also moved for leave to

file a second amended complaint.  For the reasons set forth below, Plaintiff's motions are

denied.

     At the time relevant to this dispute, Plaintiff and his then wife, Mrs. Ray, were in the

process of a contentious divorce.  First Amended Complaint ("FAC") ¶ 23.  According to the

FAC, on June 17, 2005, Mrs. Ray called the police regarding the enforcement of a visitation order.  FAC ¶ 24.  The FAC further states that "shortly after receiving Mrs. Ray's call, [defendant] Lieutenant [Russell] Leffert [of the Warren Township Police Department] contacted his friend, Judge Sasso, a municipal judge, and conspired with him to obtain an 'oral warrant' to search Plaintiff's home, although he knew or should have known that Judge Sasso did not have authority or jurisdiction to issue an oral search warrant for the Warren Police Department. . .."  FAC ¶ 25.  It was alleged in the FAC that "Judge Sasso maliciously and illegally agreed to authorize the "oral warrant" for the search of Plaintiff's residence, although he knew that as a municipal judge he had no authority or jurisdiction to issue an oral search warrant for the Warren Police Department."  FAC ¶ 26.  Based on the allegations in the FAC, the Court found the claims against defendant Sasso were barred by the doctrine of judicial immunity.

        In the instant motion, Plaintiff states that the allegations in the FAC with respect to the "oral warrant" were incorrect.  According to Plaintiff, documentation received by Plaintiff on January 22, 2008 -- twelve days after the Court's Opinion and Order was entered on defendant Sasso's motion to dismiss -- allegedly shows that no "oral warrant" was in fact issued.  Rather, according to Plaintiff, Judge Sasso simply "gave authority" to police officers to "enter" Plaintiff's home.  Pl. Brf. at 4.  In the incident report relied upon by Defendant in support of his motion, Officer Calabrese notes that

> Due to the acrimonious nature of the Ray's divorce proceeding and child custody disputes, there was a heightened sense of awareness on my part that a dangerous situation might be present. ... With information and belief that Mr. Ray was in the home, Judge Sasso was called and we were given authority to

enter the premises through the unlocked and open basement door to find the
child and assure that her safety had not been compromised.

Declaration of Paul Levinson ("Levinson Decl.") at Ex. B.  As a result of this later-acquired

evidence, Plaintiff seeks leave to file a second amended complaint ("SAC") to remove the

language regarding an oral "search warrant" and instead insert allegations that Sasso

"purportedly gave Defendant Leffert and his fellow Warren Township police officers 'oral

authority' to enter the premises[] to search Plaintiff's home" and that "Sasso maliciously and

illegally agreed to give such purported 'oral authority' to the Warren Police Department" even

though he allegedly knew he had no "authority or jurisdiction to do so."  Proposed SAC ¶ 24,

25.  Plaintiff also proposes to include in the SAC factual allegations with respect a formal

complaint (the "Formal Complaint") brought against Sasso by the Supreme Court of New

Jersey's Advisory Committee on Judicial Conduct.  This formal complaint involves

allegations of judicial misconduct unrelated to the instant case.

Turning first to Plaintiff's request for leave to bring this motion for reconsideration out

of time, Local Civil Rule 7.1(i), requires that a motion for reconsideration to be filed "within

10 business days after the entry of the order or judgment on the original motion."  The

Opinion and Order that is the subject of this motion was filed on January 10, 2008.  The

"newly-discovered evidence" that Plaintiff points to in support of his motion for

reconsideration is (1) a "police incident report" that Plaintiff received on January 22, 2008; (2)

a formal complaint dated March 13, 2008, brought against Sasso by the Advisory Committee

on Judicial Conduct which states that Sasso resigned as a municipal court judge on January

23, 2008, and sets forth numerous allegations of judicial misconduct against Sasso; and (3) a

3

March 24, 2008 New Jersey Law Journal article regarding the Formal Complaint.

With regard to the latter two pieces of "newly-discovered evidence," *i.e.*, the Formal Complaint and the news article, the Court notes that Plaintiff has failed to explain what bearing such evidence has on the issues raised by this reconsideration motion. Rather, without further explanation, Plaintiff simply states that such evidence "provide[s] further compelling grounds why this Court should exercise its discretion to vacate the Opinion and Order." Pl. Brf. at 10. However, the allegations in the Formal Complaint are not connected in any way to the factual allegations underlying the instant complaint.

As such, the only "newly-discovered" evidence that is truly relevant to this motion for reconsideration is the police incident report Plaintiff received on January 22, 2008. Despite receiving this evidence barely two weeks after the Court's Opinion and Order was filed, Plaintiff waited nearly three months – until April 15, 2008 – to file this motion for reconsideration. The Court finds Plaintiff has not provided adequate grounds to justify an extension of time of this magnitude.

Moreover, if the Court were to consider the motion for reconsideration timely, the Court finds it to be without merit. While the Plaintiff makes much of the distinction between an oral "search warrant," as pled in the FAC, and oral "authority," as described in the "newly-discovered" police incident report, the Court sees it as a distinction with little difference. The Court, therefore, would deny the motion for reconsideration on its merits.

Last, the Court addresses Plaintiff's motion to amend its complaint. Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave when justice so requires."

However, a court may deny leave to amend for such grounds as "undue delay, bad faith, dilatory motive, prejudice and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997).  The key issue on this motion is whether is whether the proposed amendments are "futile," meaning "that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.*  In determining whether Plaintiffs' amendments would be futile, this Court must utilize "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*  Notably, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint . . .." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988).  In other words, this Court must determine whether the inclusion of new facts or allegations "would change the analysis underpinning [the] Court's dismissal." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir.2000).

As stated above, the Court dismissed Plaintiff's complaint against Sasso, finding that Plaintiff's claims against him were barred by the doctrine of judicial immunity.  By merely substituting allegations of an oral "search warrant" with allegations of oral "authority," the SAC contains nothing that would change the analysis underpinning the Court's dismissal. Nor is there anything in the new allegations regarding other alleged judicial misconduct by Sasso, completely unrelated to the facts of this case, that compels a different conclusion. While it is clear such allegations are intended to underscore Plaintiff's claims that Sasso acted improperly, it is well-established that judicial immunity "applies *even when the judge is accused of acting maliciously and corruptly*." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217 - 1218 (1967) (emphasis added).  Although its application may be unpalatable at times, particularly when allegations of bad faith or corruption are involved, such immunity does not exist "for the protection or benefit of a malicious or corrupt judge." *Id.*  It exists,

rather, "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.*

For the reasons set forth above, Plaintiffs motions are denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: October 10, 2008